Scott, J.
The first question which arises in the case is: Did the court below err in sustaining the demurrer to the sixth plea ?
The general law in relation to life insurances taken for the benefit of wives, provides that “ it shall be lawful,for any married woman by herself, and in her own name,” etc., “ from her separate property, to cause to be insured for her sole use the life of her husband,” etc. Swan’s Stat. 480. By the eighth section of the act incorporating this company (49 Ohio L. 220), it is provided, “that policies of insurance may issue to any married woman in her name, or in the name of a third person, as trustee, to cause to be insured for her sole use the life of her husband; and in case of her surviving him, the amount shall be payable to her for her sole use and benefit, free from any claims of the creditors or representatives of her husband, provided the annual premium shall not exceed the sum of $150, unless paid from the private property of the wife.”
These provisions treat a married woman as a feme sole in respect to policies of insurance taken out in her name upon the life of her husband. Such policies become her separate property, and are placed beyond the reach of her husband or his creditors.
*267 Henry S. Applegate had, therefore, no legal right to control.this policy, and the unauthorized surrender of it by him, as set up in the sixth plea, constituted no bar to the action; and the demurrer was, therefore, properly sustained.
It is shown by the record that the plaintiff in error, upon the trial in the court below, offered in evidence certain statements made by Henry S. Applegate to Doctor Yattier and several other witnesses, during the negotiation for the surrender of the policy, and the substitution of the $500 policy in its stead, which took *place more than a year after the issuing of the policy upon which suit was brought. This policy was issued June 7, 1851.
Mr. Applegate was taken with hemorrhage of the lungs in December following, from which he never fully recovered; and died of pulmonary consumption about the close of the year 1852. The statements offered in evidence consisted of admissions made by said Henry S. Applegate in relation to the condition of his health before the date of the policy sued upon; that he had spit blood before that time, and that his declaration upon that subject, contained in the application for the policy, was untrue.
Counsel for the defendant in error objected to the reception of these admissions by the court, “ for the purpose of establishing the condition of Henry Applegate’s health before the issuing of the policy; which said objection was sustained by the court, and thereupon the court refused to receive and consider the said declarations for the said purpose.” Was this ruling erroneous ?
There is no direct evidence in the case, that Applegate, in the surrender of his wife’s policy, or in the negotiations which preceded this arrangement, acted as the authorized agent of Mfs. Applegate. It is not shown that she had knowledge of the transaction at the time, or ratified it afterward. The surrender was made in writing by Henry S. Applegate, in his own name. He did not even profess, as in the taking out of the policy, to be acting as the agent of his wife. The transaction was manifestly against her interest, for the second policy was for but one-fourth the amount, of the former, and was for the benefit of other parties. Her assent can not, therefore, be presumed. The court below accordingly found, and as we think properly, in her favor, upon the issues presented by the seventh and eighth pleas.
The statements in question, then, are the declarations of a stran *268 ger, one who is neither a party to the suit, nor was, at the time of .making them, acting as the agent of a party. They are not the declarations of a sick person in relation to his condition at the time of making them; for they relate to transactions and a state of facts long past. They were not admissions against interest; for they could injuriously affect only his wife’s separate property. They were not the statements of one who had been a *witness on the trial, offered to impeach his credit; but were offered and excluded merely as proof of the facts claimed to have been thus stated. It may be true that these were the declarations of the person who best knew the facts of the case; but whatever weight this consideration might properly give to competent evidence, it can not remove the objection to its competency. Coming from the witnesses through whom it was offered, it was still mere hearsay. Nor do the declarations become competent because made by a person deceased, and who can not, therefore be produced as a witness upon the trial. This circumstance alone, however unfortunate for a party, will never convert hearsay into competent evidence.
And it can not be claimed, that from the mere relation of husband and wife, a feme covert is bound, in respect to her separate property, by the admissions or declarations of her husband. Indeed, I am not aware of any recognized rule in the law of evidence, under which such declarations can be held competent.
Counsel for plaintiff in error, rely mainly on the authority of Aveson v. Kinnaird, 6 East, 188.
The admissibility of the evidence in that case was placed upon grounds which do not exist in the case before us. The declarations there, were regarded as a species of cross-examination, and as statements made by a sick person in relation to the condition of her health at the time of making them. Besides, the authority of that case has not been acquiesced in; and the contrary doctrine was since held in Stobart v. Dryden, 1 Mees. & W. 615, where the question was considered both on principle and authority.
We think that the evidence, viewed in connection with the purpose for which it was offered, docs not fall within any established exception to the general rule in regard to hearsay, and was therefore properly excluded.
Discarding these admissions of the deceased, we have no doubt *269 that the finding of the court below, upon the issues made by the first five pleas, was fully warranted by the evidence.

Judgment affirmed.

Bartley, C. J., and Swan, Brinicerhoff, and Sutliff, JJ., concurred.